## Case No. 14,910.

### UNITED STATES v. CUTLER.

[1 Curt. 501.] 1

Circuit Court, D. Rhode Island. Nov. Term, 1853.

SEAMEN — ABOLITION OF FLOGGING — INDICTMENT FOR FLOGGING SEAMAN—JUSTIFIABLE CAUSE —"VESSELS OF COMMERCE"—MALICE.

1. The act abolishing the punishment of flogging in the navy, and in vessels of commerce is not a penal law, and no indictment can be framed upon it. It applies to whaling ships, which are "vessels of commerce," within the meaning of this act.

2. It prohibits corporal punishment by stripes, inflicted with a cat, and any punishment which in substance and effect amounts thereto.

3. The degree of such punishment is not material; it is the kind of punishment which is alone to be considered.

4. It is a question of fact for the jury, whether the punishment inflicted was, in substance and effect, the punishment of flogging.

5. Under an indictment founded on the third section of the act of March 3, 1835 (4 Stat. 776), if the punishment inflicted was flogging, it was without justifiable cause.

6. But it is incumbent on the government to prove, not only that the act was without justifiable cause, but that it was malicious, that it was a wilful departure from a known duty. If the master knew that his act was illegal, it was malicious, in the sense of this act of 1835.

[Cited in The Yankee v. Gallagher, Case No. 18,124.]

This was an indictment under the third section of the act of March 3, 1835, (4 Stat. 776,) against [Charles B. Cutler] the master of the whaling bark Dolphin, for beating one of his crew. It appeared that the man had been disobedient, and in a quarrel with the boat-steerer, under whose command he was at the time, the man had wounded him severely in the head. And that the defendant had caused the man to be seized up, and inflicted on him six blows with a piece of ratlin stuff. There was evidence tending to show, that when the master was about to inflict punishment, he called all hands, and declared that he was unwilling to flog the man, but felt it was his duty to do so; and some of the witnesses testified that he also said that he knew it was against the law, but felt obliged to go through it.

Mr. Brown, U. S. Dist. Atty.
Mr. Bosworth, for defendant.

CURTIS, Circuit Justice (charging jury). The defendant is indicted under the act of 1835, for beating one of his crew with malice, and without justifiable cause. The government must prove (1) the beating; (2) the want of justifiable cause; (3) malice. The beating is not denied. The first question is; was there justifiable cause? If the punishment inflicted was the punishment of flogging, within the meaning of the act of 1850 [9 Stat. 440], there could be no justifiable cause, the authority of the master to punish by flogging being taken away. And it is for the jury to find whether what was done, amounted to the punishment of flogging abolished by that act. In order to decide this question, it is necessary for the jury to attend to what is the punishment of flogging referred to in that law; and my instruction is, that it is corporal punishment by stripes, inflicted with a cat, or any punishment which, in substance and effect, amounts thereto. The particular form of the instrument is not material; what you must look to is the effect produced. If the man was punished by stripes, inflicted with a rope, and this, in substance and effect, is the same kind of punishment as the punishment of flogging with a cat, then it is prohibited by this law. The degree of severity of the punishment is not material. It is the kind, and not the degree of punishment which is important. It may be, that one blow with a cat would inflict stripes more painful to be borne, than one blow with a piece of ratlin stuff. But this is not material, if both are corporal punishment by stripes, and both are in substance the same kind of punishment. Another question is, whether whaling ships are vessels of commerce within the meaning of this law. I am of opinion they are. I do not state the reasons which have brought me to this conclusion, for they were fully detailed in the charge given to the grand jury at the present time.

It also incumbent on the government to prove malice. This word is not to be interpreted in its popular sense. It means, a wilful departure from a known duty. If the master knew that his act was unlawful, and did it, intending to take the consequences, that was a malicious act, within the meaning of this law of 1835.

The act of 1850 is not a penal law, and no indictment can be framed on it. But it has the effect to make an important change in the powers of the master, and consequently has an important effect on the question of justifiable cause and malice, arising under indictments framed on the law of 1835.

The defendant was found guilty.